United States District Court
Southern District of Texas
**ENTERED**
September 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GREGORY TODD SAMPLES,                    §
       *Plaintiff*,                          §
                                             §
vs.                                      §        CIVIL ACTION H-16-0829
                                             §
HARRIS COUNTY, *ET AL.*,                 §
       *Defendants*.                         §

## MEMORANDUM AND ORDER

This civil rights case is before the court on defendants' motion to dismiss (Dkt. 3). The motion is granted, but plaintiff will be given an opportunity to replead his 42 U.S.C. § 1983 claims.

## Background Facts

Plaintiff Gregory Todd Samples alleges that on January 29, 2014, Harris County Sheriff deputy McGregor received a call that a male, Samples, was disoriented in the 4000 block of Peninsula Gardens Way. McGregor and another deputy, Vadzemnieks responded to the call. Although Samples allegedly presented no danger to the deputies, Vadzemnieks tasered him. As a result of being tasered, Samples fell to the pavement and sustained a serious head injury.

Samples filed suit against defendants in state court on January 21, 2016, asserting claims under 42 U.S.C. § 1983 and, alternatively, for negligence. Samples alleges that Harris

County[1], Sheriff Hickman, and former Sheriff Garcia are responsible for his injuries because they failed to have or enforce adequate policies for use of tasers, and failed to train or supervise their officers. Samples further alleges that these defendants exhibited deliberate indifference to his Constitutional rights by sanctioning the use of tasers against non-threatening individuals under the influence of drugs, and failing to discipline officers for such excessive force. *See* Dkt. 1-3 at13, ¶¶ 9-14, 18-24.

Defendants removed the case to federal court and now move to dismiss the case in its entirety for failure to state a claim and immunity under the Texas Tort Claims Act (TTCA).

**Motion to Dismiss Standards**

In reviewing a pleading under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

---

[1]    Samples's petition names as a defendant the Harris County Sheriff's Department. The Harris County Sheriff's Department does not enjoy a separate legal existence from the County, thus is not an entity with capacity to sue and be sued. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991); *Breidel v. Harris County Sheriff's Office*, No. 4:13cv23, 2014 WL 3891693 *7 (S.D. Tex. 2014). Any claim against Harris County Sheriff's Department is duplicative of a claim against Harris County, which is already named as a defendant here.

*Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Gonzalez v. Kay*, 577 F.3d 600, 603 (2009).

Defendants' motion based on immunity is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir.2008). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts supporting subject matter jurisdiction by considering any of the following: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.*

## Analysis

### 1.    42 U.S.C. § 1983

42 U.S.C. § 1983 provides an individual with a private cause of action for the deprivation of his Constitutional rights. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121 (1988). To establish a claim under § 1983, a plaintiff must show: (1) a violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). A § 1983 claim may be brought against persons in their

3

individual or official capacity,[2] or against a governmental entity. *Id.* However, a municipality or local government entity or its policy makers cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691 (1978). In other words, a municipality or local governmental entity is liable under § 1983 only for acts for which it is actually responsible. *Doe on Behalf of Doe v. Dallas Independent School Dist.,*153 F.3d 211, 215-16 (5th Cir. 1998). Thus, Harris County is liable under § 1983 for Samples's injuries only if "(1) the enforcement of a municipal policy or custom was (2) 'the moving force' of the violation of his federally protected rights." *Piotrowski v. City of Houston*, 237 F.3d 567, 568 (5th Cir. 2001).

Samples has not alleged facts to support his conclusory allegation that an official policy or custom of Harris County was the moving force behind his injury. To the extent that he alleges that Harris County defendants showed deliberate indifference by failing to enforce an existing policy, Samples has alleged no facts that show a pattern or practice of such deliberate indifference. In addition, Samples has alleged no facts supporting the individual liability of deputy McGregor, who did not taser Samples. Reciting the elements of legal theories alone does not meet federal pleading standards under *Iqbal* and *Twombly*. In his

---

[2]    It is unclear whether Samples is asserting his claims against Hickman and Garcia in their individual or official capacities. An "official capacity" claim is a claim against the government entity, and *Monell* applies. Any claims against Hickman and Garcia in their official capacities are considered here jointly with Harris County. In order to state a claim against Hickman and Garcia in their individual capacity, Samples must make specific allegations tying them to the actual excessive force that caused Samples injury. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). He has not done so.

4

response to defendants' motion (Dkt. 12), Samples does nothing more than cut and paste paragraphs from his original petition filed in state court, without offering any legal analysis supporting his contention that the conclusory allegations contained therein are sufficient.

Although the court finds that Samples current pleading fails to state a claim under 42 U.S.C. § 1983, Samples will be given an opportunity to amend his pleading before the case is dismissed. *See Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977) ("Granting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim."). Samples must, if he can do so in good faith, allege with factual specificity what custom, policy, or practice of Harris County was the motivating force behind the violation of his Constitutional rights. Samples also must, should he desire to pursue § 1983 claims against individual defendants, allege specific acts by each individual that violated his Constitutional rights.

## 2.    Negligence

Defendants argue that state law negligence claims against all defendants must be dismissed for lack of jurisdiction under the Texas Tort Claims Act.[3] The TTCA protects governmental units from liability for most tort claims. This Act waives a governmental unit's sovereign immunity only for tort claims arising from the operation of a motor vehicle and use of tangible personal or real property.  TEX. CIV. PRAC. & REM. CODE § 101.021.  In addition, the TTCA waiver does not apply to claims arising from the actions of an employee

---

[3]        Samples does not address this issue in his response.

5

responding to an emergency call, or the method of providing police protection. *Id.* § 101.055. Thus, sovereign immunity bars any state law claim by Samples against Harris County or against any individuals in their official capacities.

Furthermore, § 101.106(e) of the Texas Civil Practice and Remedies Code provides that the filing of a suit against a governmental entity, such as Harris County, constitutes an irrevocable election by a plaintiff and immediately and forever bars any suit or recovery against individual employees regarding the same subject matter. This is the result even when the suit against the governmental entity is not within the scope of the TTCA. *Mission Consol. I.S.D. v. Garcia*, 253 S.W.2d 653, 657-59 (Tex. 2008). The election cannot be revoked by amending the complaint to eliminate state causes of action against the County. *Id.* Thus, any state law tort claim against the individual defendants also must be dismissed. As there is no cure for these jurisdictional deficiencies, leave to replead will not be granted.

## Conclusion and order

Defendants' motion to dismiss Samples's § 1983 claim is granted, but Samples is granted leave to file an amended complaint within 30 days of entry of this order. Samples's negligence claim against all defendants is dismissed with prejudice.

Signed at Houston, Texas on September 20, 2016.

Stephen Wm Smith
United States Magistrate Judge